# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORIAN CLARK a/k/a STEVEN JACOBS,<br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH,<br>    Defendant. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO. 19-CV-2053<br>:<br>:<br>: |

**FILED**
JUN 0 5 2019
KATE BARKMAN, Clerk
By _____ Dep. Clerk

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                                                            JUNE 5, 2019

Plaintiff Dorian Clark, also known as Steven Jacobs, a prisoner incarcerated at the Curran-Fromhold Correctional Facility, brings this *pro se* civil action against the Commonwealth of Pennsylvania. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis*, dismiss his Complaint, and give Clark an opportunity to file an amended complaint.

## I.    FACTS

The basis for Clark's Complaint is not clear. He used a form complaint titled "Complaint for the Conversion of Property" and suggests that the jurisdictional basis for his claims is 28 U.S.C. § 1332. As the factual basis for his claims, Clark alleged "property receipt #3349369" and "deoxyribonucleic acid" in the amount of $10 million. (Compl. at 6.)[1] Clark also states "innocent owner defense" and "heredity genetic blueprint" as the basis for his claims. (*Id.*) He claims to have owned the "property" in question by "life, birth and naturalization." (*Id.*) He

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

ENT'D JUN 0 5 2019

appears to be claiming that DNA was illegally seized and seeks monetary relief in the amount of $10 million.

## II. STANDARD OF REVIEW

The Court grants Clark leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, Clark's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Clark is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is

---

[2] However, as Clark is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

Clark's Complaint is so unclear and confused that it fails to comply with Federal Rule of Civil Procedure 8 and therefore fails to state a claim. The Court cannot discern any plausible basis for a claim against the Commonwealth. If the "property" to which Clark refers is himself and he is bringing a claim against the Commonwealth for "conversion" on that basis, his claim is frivolous. Furthermore, the Eleventh Amendment bars suits against a state in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Clark's Complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). However, in light of Clark's *pro se* status, the Court will give Clark an opportunity to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can state a legitimate basis for a claim against an appropriate defendant.

BY THE COURT:

JUAN R. SANCHEZ, C.J.

3