IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORIAN CLARK a/k/a STEVEN JACOBS, <br>     Plaintiff, <br><br> v. <br><br> COMMONWEALTH, <br>     Defendant. | : <br> : <br> : <br> : <br> :     CIVIL ACTION NO. 19-CV-2053 <br> : <br> : <br> : |

**MEMORANDUM**

SÁNCHEZ, C.J.                                                                           JUNE 18th, 2019

Currently before the Court is an Amended Complaint filed by Plaintiff Dorian Clark, also known as Steven Jacobs. For the following reasons, the Court will dismiss the Amended Complaint and give Clark another opportunity to amend.

## I.     FACTS AND PROCEDURAL HISTORY

The basis for Clark's initial Complaint, filed against the Commonwealth of Pennsylvania, was not clear. He used a form complaint titled "Complaint for the Conversion of Property" and suggested that the jurisdictional basis for his claims was 28 U.S.C. § 1332. As the factual basis for his claims, Clark alleged "property receipt #3349369" and "deoxyribonucleic acid" in the amount of $10 million. (Compl. at 6.)[1] Clark also stated "innocent owner defense" and "heredity genetic blueprint" as the basis for his claims. (Id.) He claimed to have owned the "property" in question by "life, birth and naturalization." (Id.) He appeared to be claiming that his DNA was illegally seized and sought monetary relief in the amount of $10 million.

---

[1] The Court adopts the pagination assigned to Clark's filings by the CM-ECF docketing system.

1

The Court granted Clark leave to proceed *in forma pauperis* and dismissed his Complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court found Clark's Complaint to be so "unclear and confused" that the Court could not "discern any plausible basis for a claim against the Commonwealth." (ECF No. 6 at 3.) Furthermore, "[i]f the 'property' to which Clark refer[ed] is himself and he is bringing a claim against the Commonwealth for 'conversion' on that basis, [Clark's] claim is frivolous." (*Id.*) Additionally, the Court explained that the Eleventh Amendment precludes a claim against the Commonwealth. However, in light of Clark's *pro se* status, he was given leave to amend.

Clark filed an Amended Complaint naming the Commonwealth of Pennsylvania and ADA Joo Kim as Defendants. He again used a form complaint for a plaintiff filing a conversion of property case even though his Amended Complaint is better understood as raising constitutional claims pursuant to 42 U.S.C. § 1983 given his allegation that he is "seeking relief for the wrong use by the Commonwealth of an [sic] use of [an] illegal search warrant to seize saliva that deprives me of the right to property." (Am. Compl. at 3.)

Clark attached to his Amended Complaint an "application for search warrant and affidavit" dated July 12, 2018, permitting police to obtain a DNA sample from him to compare to evidence collected in connection with criminal charges filed against him for robbery and related offenses. *See Commonwealth v. Jacobs*, Docket No. CP-51-CR-0008029-2017 (Phila. Ct. of Common Pleas). The attached affidavit, sworn by Detective Christopher Brennan, alleges that a victim identified Clark as the person who robbed her, pointed a gun at her head, and stabbed her repeatedly. (*Id.* at 7.) Detective Brennan also interviewed a witness who identified Clark as the person he saw arguing with the victim prior to the stabbing incident. (*Id.*) Written on the side of the warrant application is the notation, "approved by ADA Joo Kim on 7/12/18." (*Id.* at 6.)

## II. STANDARD OF REVIEW

As Clark is proceeding *in forma pauperis*, his Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Amended Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Clark is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

3

## III. DISCUSSION

Clark's claims are best construed as Fourth Amendment claims raised pursuant to 42 U.S.C. § 1983 challenging the warrant permitting the collection of a DNA sample from him.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As previously noted, the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity and, in any event, is not considered a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, the Court will dismiss Clark's claims against the Commonwealth as legally frivolous.

Clark's claims against ADA Kim also fail because he has not alleged any facts explaining what Kim did or did not do to violate his constitutional rights. Although Clark apparently seeks to challenge the search warrant, his Amended Complaint does not include any allegations explaining why the search warrant was defective or otherwise violates his rights, nor does the Amended Complaint include any allegations about Kim's involvement in the claimed constitutional violation or violations. Accordingly, the Amended Complaint does not provide a sufficient factual basis to state a plausible claim.[3]

---

[2] If Clark intended to raise other claims, they are neither discernable nor plausible.

[3] Furthermore, although unclear because of the absence of factual allegations in the Amended Complaint, ADA Kim may be entitled to absolute immunity from Clark's claims. *See Yarris v. Cty. of Delaware*, 465 F.3d 129, 139 (3d Cir. 2006) ("With respect to the solicitation of false statements alleged here, the ADAs are entitled to absolute immunity to the extent that their conduct occurred while they were acting as advocates rather than investigators.")

4

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Clark's Amended Complaint. Clark's claims against the Commonwealth will be dismissed with prejudice and his claims against ADA Kim will be dismissed without prejudice to Clark filing a second amended complaint in the event he can state a plausible basis for a claim.[4]

BY THE COURT:

JUAN R. SANCHEZ, C.J.

---

[4] If Clark returns with a second amended complaint, the Court may stay this case pending the outcome of his criminal trial because a challenge to a search warrant that yields evidence in a criminal case is likely to be addressed that criminal case. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").