IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DORIAN CLARK a/k/a STEVEN JACOBS,
    Plaintiff,

v.                                      CIVIL ACTION NO. 19-CV-2053

CITY OF PHILADELPHIA, *et al.*,
    Defendants.

**MEMORANDUM**

SÁNCHEZ, C.J.                                         JULY 1st, 2019

Currently before the Court is a Second Amended Complaint filed by Plaintiff Dorian Clark, also known as Steven Jacobs. For the following reasons, the Court will dismiss the Second Amended Complaint with prejudice for failure to state a claim.

## I. FACTS AND PROCEDURAL HISTORY

The basis for Clark's initial Complaint, filed against the Commonwealth of Pennsylvania, was not clear. He used a form complaint titled "Complaint for the Conversion of Property" and suggested that the jurisdictional basis for his claims was 28 U.S.C. § 1332. As the factual basis for his claims, Clark alleged "property receipt #3349369" and "deoxyribonucleic acid" in the amount of $10 million. (Compl. at 6.)[1] Clark also stated "innocent owner defense" and "heredity genetic blueprint" as the basis for his claims. (*Id.*) He claimed to have owned the "property" in question by "life, birth and naturalization." (*Id.*) He appeared to be claiming that his DNA was illegally seized and sought monetary relief in the amount of $10 million.

---

[1] The Court adopts the pagination assigned to Clark's filings by the CM-ECF docketing system.

1

The Court granted Clark leave to proceed *in forma pauperis* and dismissed his Complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court found Clark's Complaint to be so "unclear and confused" that the Court could not "discern any plausible basis for a claim against the Commonwealth." (ECF No. 6 at 3.) Furthermore, "[i]f the 'property' to which Clark refer[ed] is himself and he is bringing a claim against the Commonwealth for 'conversion' on that basis, [Clark's] claim is frivolous." (*Id.*) Additionally, the Court explained that the Eleventh Amendment precludes a claim against the Commonwealth. However, in light of Clark's *pro se* status, he was given leave to amend.

Clark filed an Amended Complaint naming the Commonwealth of Pennsylvania and ADA Joo Kim as Defendants. He again used a form complaint for a plaintiff filing a conversion of property case even though his Amended Complaint is better understood as raising constitutional claims pursuant to 42 U.S.C. § 1983 given his allegation that he was "seeking relief for the wrong use by the Commonwealth of an [sic] use of [an] illegal search warrant to seize saliva that deprives me of the right to property." (Am. Compl. at 3.)

Clark attached to his Amended Complaint an "application for search warrant and affidavit" dated July 12, 2018, permitting police to obtain a DNA sample from him to compare to evidence collected in connection with criminal charges filed against him for robbery and related offenses. *See Commonwealth v. Jacobs*, Docket No. CP-51-CR-0008029-2017 (Phila. Ct. of Common Pleas). The attached affidavit, sworn by Detective Christopher Brennan, alleges that a victim identified Clark as the person who robbed her, pointed a gun at her head, and stabbed her repeatedly. (*Id.* at 7.) Detective Brennan also interviewed a witness who identified Clark as the person he saw arguing with the victim prior to the stabbing incident. (*Id.*) Written on the side of the warrant application is the notation, "approved by ADA Joo Kim on 7/12/18." (*Id.* at 6.)

In a June 18, 2019 Memorandum and Order, the Court dismissed Clark's Amended Complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). (ECF Nos. 10 & 11.) The Court construed the Amended Complaint as raising Fourth Amendment claims pursuant to 42 U.S.C. § 1983 challenging the warrant that permitted collection of a DNA sample from him. The Court first dismissed Clark's claims against the Commonwealth as legally frivolous because the Commonwealth is not a "person" for purposes of § 1983 and is entitled to Eleventh Amendment immunity. Next, the Court dismissed Clark's claims against ADA Kim for lack of factual development. The Court observed that "[a]lthough Clark apparently seeks to challenge the search warrant, his Amended Complaint does not include any allegations explaining why the search warrant was defective or otherwise violates his rights, nor does the Amended Complaint include any allegations about Kim's involvement in the claimed constitutional violation or violations." (ECF No. 10 at 4.) The Court also observed in a footnote that it was possible, though unclear, that Kim would be entitled to absolute prosecutorial immunity. Clark was given an opportunity to file a second amended complaint, which he did.

Clark's Second Amended Complaint names as Defendants the City of Philadelphia, Detective Christopher Brennan, and ADA Kim. He attached a copy of a search warrant dated July 11, 2017 signed by Detective Brennan requesting the ability to seize physical and biological material of evidentiary value related to a robbery in which Clark was a suspect. This warrant differs from the warrant attached to Clark's Amended Complaint. The allegations of the Second Amended Complaint are vague and sparse and do not meaningfully relate to the warrant or investigation against Clark. He alleges that he "paid for the clothing on Frankford Ave and [he] [inherited] [his] blood DNA property." (ECF No. 12 at 4.) He also alleges that Detective Brennan falsified his affidavit, but he does not provide further detail on that allegation. Clark

3

also attached to his Second Amended Complaint motions for return of property that he appears to have filed in his state criminal proceeding. He seeks $10 million.

## II. STANDARD OF REVIEW

As Clark is proceeding *in forma pauperis*, his Second Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Although the Court must take the Complaint's factual allegations as true, it must also "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As Clark is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is

4

sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Clark's claims are again best construed as Fourth Amendment claims raised pursuant to 42 U.S.C. § 1983 challenging the warrant permitting the collection of a DNA sample from him.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must ... specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

Here, as with his Complaint and Amended Complaint, Clark has failed to provide sufficient factual allegations to support a plausible constitutional claim. He has not alleged any facts explaining what Brennan or Kim did or did not do to violate his rights. Although he claims that Brennan falsified his affidavit, he does not provide any specific facts to support that conclusory assertion. Absent any factual allegations explaining why the affidavit is allegedly based on falsehoods, the Second Amended Complaint cannot support a plausible Fourth

---

[2] If Clark intended to raise other claims, they are neither discernable nor plausible.

5

Amendment Claim. Furthermore, nothing in the Second Amended Complaint identifies a policy or custom of the City that caused the claimed constitutional violation. In sum, Clark's pleading again falls short of providing enough factual detail to state a plausible claim in connection with the seizure of his DNA.

**IV.  CONCLUSION**

For the foregoing reasons, the Court will dismiss Clark's Second Amended Complaint. Clark has been given two opportunities to amend, but he has not been able to state a basis for a claim. Accordingly, the Court concludes that further attempts at amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

_____
JUAN R. SÁNCHEZ, C.J.